Evidence of witnesses that they heard a conversation between a decedent and another in which they took no part is admissible, Matter of Brown, 38 St. Rep. 130, even though the testimony of these witnesses was prearranged so as to escape the statute and render their testimony admissible. This fact bears upon their credibility and not upon the admissibility of their testimony. Id.; Cary *v.* White, *ante;* Holcomb *v.* Holcomb, *ante.*

---

GUISEPPE MIELE, Appellant, *v.* JOSEPH DEPERINO *et al.*, Respondents.

*Court of Appeals, October 4, 1892.*

1. *Appeal. Court of appeals.*—Where, in an action to rescind a contract for the purchase of real estate and to recover $200 purchase money paid and $203.51 expenses of search and disbursements, the complaint also alleged that plaintiff was, by the terms of the contract, to receive the rent of the premises from June 1st to 15th, and without alleging the amount thereof asked to recover the same, a judgment in favor of the defendant is not reviewable in the court of appeals, as the amount involved is less than $500 and the action does not affect the title to real property, or an interest therein.

2. *Contract. Rescission.*—The plaintiff cannot repudiate or rescind the contract which gave him the rent, and, at the same time, have all the benefits of the contract to which he would be entitled, if it was performed.

Appeal from order of the supreme court, general term, second department, affirming judgment in favor of defendants.

*D. W. Northup,* for appellant.

*Wm. Doll* and *Robert H. Racey,* for respondents.

EARL, Ch. J.—On the 14th day of May, 1891, the plaintiff entered into a contract with the defendants to purchase from them certain real estate situated in Brooklyn; and at the time of the execution of the contract he paid them $200 to apply upon the purchase price. The deed of the real estate was by the terms of the contract to be delivered to the plaintiff by the defendants on the 1st or the 15th of June at the election of the plaintiff. Subsequently the time for the delivery of the deed was postponed to July 3d, and on that day the defendants tendered a deed of the real estate to the plaintiff, but he refused to accept it, claiming that the defendants did not have good title to the real estate. He then demanded repayment of the sum of $200, and the farther sum of $203.51 for his expenses and disbursements in examining the title to the real estate, and these sums not being paid, about the 17th day of July, 1891, he commenced this action to recover the amount of them.

These sums do not amount to $500, and as the action does not affect the title to real property, or an interest therein, this court has no jurisdiction to entertain this appeal. Code, § 191.

By the terms of the contract the plaintiff was to have the rent of the real estate from the 1st to the 15th day of June, and in his prayer for relief he also asks to recover such sum as may be found due for the rent during that time. He does not allege the amount or the value of the rent, and he sets forth no facts entitling him to recover the rent. He cannot repudiate or rescind the contract which gave him the rent, and at the same time have all the benefits of the contract to which he would be entitled if it were performed. No fact is alleged in the complaint showing that the plaintiff is entitled to recover more than the two items mentioned.

The appeal should therefore be dismissed, with costs.

All concur.